IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MOHAMMAD MOSHARROF HOSSAIN | ) | |
| | ) | |
| v. | ) | NO. 3:14-0002 |
| | ) | |
| OCWEN LOAN SERVICING, LLC, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered February 25, 2014 (Docket Entry No. 16), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b)(1), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 18) filed by Defendant Richard B. Maner, P.C., to which the plaintiff has filed a response in opposition. See Docket Entry No. 25. For the reasons set out below, the Court recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

The plaintiff is a resident of Davidson County, Tennessee. On January 2, 2014, he filed this pro se action against three defendants: Ocwen Loan Servicing LLC ("Ocwen LS"), Ocwen Financial

Corporation ("Ocwen Financial"), and Richard B. Maner, P.C. ("Maner"). The plaintiff asserts that federal jurisdiction exists under 28 U.S.C. §§ 1331, 1332, and 1367 and seeks compensatory damages, punitive, damages, statutory damages, as well as injunctive relief. In a 76 page complaint that has several attached exhibits, the plaintiff sets out the facts underlying his lawsuit against the Defendants.[1]

The lawsuit is centered around three loans, loan #2287, loan #2253, and loan #6566, which the plaintiff alleges are currently serviced and/or owned by Ocwen LS. The plaintiff alleges that, for the past four years, he has been embroiled in a dispute with the servicers of the loans about what he views as unauthorized charges. He alleges that the controversy began in 2010 with HomEq., the prior owner and loan servicer until August 2010, and continued with Ocwen LP and involved charges for an insurance premium that had been assessed on loan #2287, which is secured by the deed of trust to property at 2505 Highland Trace Drive, Nashville, Tennessee. The plaintiff contends that he had an annual homeowners insurance policy on which he paid premiums directly to the insurer but that a four day lapse in the policy occurred from June 19 - 22, 2010, prior to his renewal of the policy on June 23, 2010. Despite his renewal of the policy for coverage for the period of June 23, 2010, to June 23, 2011, he asserts that HomEq initiated lender placed insurance ("LPI") and assessed a full year's premium against the loan's escrow account. He alleges that, despite his numerous letters and phone calls disputing the LPI, furnishing proof of his insurance, complying with Ocwen LP's requests for information, and seeking to resolve the matter, the LPI premiums were

---

[1] Although the complaint is lengthy and contains voluminous factual allegations, the plaintiff's allegations are not presented in complete chronological order and are sometimes confusing. The Court's summary of events is not intended to be a factual finding and may contain omissions or inaccurate summations.

not removed, causing his monthly payment to increase substantially and causing additional fees and charges to be assessed. The plaintiff contends that, although he continued to pay what had been his original monthly payment on the loan, his payments were either accepted as suspended payments or were not accepted, his loan was classified as in default, and foreclosure proceedings were initiated in July of 2011. He further contends that negative information about the loan was reported by Ocwen LP to credit reporting agencies.

The plaintiff contends that Ocwen LP eventually credited his account $1,821.60 on November 4, 2011, for the LPI premium that had been assessed against him but that none of the other unauthorized fees and charges were removed and foreclosure proceedings were again initiated in 2012 because he was still considered in default. The plaintiff alleges that, in order to stop the foreclosure proceedings, he made a significant payment to Ocwen LP in March 2012, of reinstatement amounts. He contends that it was illegal, unauthorized, and erroneous for Ocwen LP to charge these reinstatement amounts.

The plaintiff also alleges that in June 2012, Ocwen LP erroneously initiated LPI regarding loan #6566 and loan #2253 and charged amounts to the plaintiff for premiums for the LPI.[2] The plaintiff contends that he provided proof of insurance to Ocwen LP for both loans but Ocwen LP cancelled the LPI and refunded the charged amount only for loan #6566. He alleges that his monthly payment on loan #2253 has increased because of the improperly charged LPI premium. He further alleges that in 2013, Ocwen LP again initiated LPI for loan #6566 despite the plaintiff's having

---

[2] Although it is somewhat unclear, it appears that loan #6566 is secured by a deed of trust to property located at 2544 Highland Trace Drive, Nashville, Tennessee, and loan #2253 is secured by a deed of trust to property located at 2509 Highland Trace Drive, Nashville, Tennessee.

active insurance, and Ocwen LP increased his monthly payment on that loan because of the premium for the LPI.

The plaintiff asserts that Ocwen LP has provided him with erroneous and conflicting information in its letters to him and in the telephone conversations its representatives have had with him. He contends that Ocwen LP continues to charge him for LPI despite the fact that he has repeatedly shown that he has active insurance coverage and that Ocwen LP's standard practice appears to be to ignore his letters about the matter and to charge him amounts and fees that are not authorized. Defendant Maner is a law firm/attorney that was involved in the foreclosure proceedings initiated by Ocwen LP.

Based upon these events, the plaintiff sets out 25 claims: violations of the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-104 ("TCPA") (Count I); violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 et seq. ("RICO") (Counts II, III, and IV); violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") (Count V); illegal forced placement of insurance (Count VI); violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA") (Count VII); violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII); intentional or reckless misrepresentations (Count IX); defamation (Count X); wrongful foreclosure initiation (Count XI); negligence (Count XII); breach of contract (Count XIII); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") (Count XIV); intentional infliction of emotional distress (Count XV); fraud (Count XVI); unjust enrichment (Count XVII); forced labor (Count XVIII); tortuous interference with contractual relations (Count XIX); violations of the Truth in

Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") (Count XX); violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTCA") (Count XXI); "barred to make payments/payment rejection" (Count XXII); unauthorized fees and charges (Count XXIII); reckless and wanton misconduct (Count XXIV); and unbelievable degradation, humiliation, disrespect, and false hopes claims (Count XXV). See Complaint (Docket Entry No. 1), at 29-73.

The Defendants have been served. Defendants Ocwen LP and Ocwen FC have filed an answer (Docket Entry No. 30). In lieu of an answer, Defendant Maner has filed the pending motion to dismiss.

Defendant Maner moves to dismiss the claims brought against it pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Maner contends that eleven of the counts – Counts VI, VII, VIII, XIII, XIV, XVI, XVII, XIX, XX, XII, and XIV – do not include allegations against it and, thus, these counts fail to state a claim against it upon which relief can be granted. As to the remaining counts, Defendant Maner argues that the plaintiff's supporting factual allegations simply fail to support these claims. Defendant Maner also seeks dismissal of the plaintiffs' request for punitive damages against him.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169

F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

## III. CONCLUSION

Although the Court is required to construe the complaint liberally because of the plaintiff's pro se status, Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), and even though the plaintiff's factual allegations are construed as true when reviewing the motion to dismiss, the factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). After review of the parties' filings and the complaint, the Court finds that for the majority of the plaintiff's claims, the plaintiff has simply failed to satisfy his burden to state a claim because he has not set forth facts that support plausible legal claims against Defendant Maner based on the legal theories set out in the complaint. Defendant Maner had a small role in the events occurring between the plaintiff and the Ocwen defendants, and the plaintiff's attempts to craft legal claims against Maner based upon this role is largely unavailing.

There are no allegations made against Defendant Maner in Counts VI, VII, VIII, XIII, XIV, XVI, XVII, XIX, XX, XII, and XIV, and these 11 counts are thus dismissed as to Defendant Maner.

Count I should be dismissed for failure to state a legal claim for relief. The plaintiff alleges that Maner advertised on its website that it provides "quality legal services" and that Maner failed to provide him with documents he requested, Docket Entry No. 1, at 28-29, ¶ 111, and that these actions violated Tenn. Code. Ann. § 47-18-104(a) and Tenn. Code Ann. § 39-14-127(c). Id. at ¶ 112. However, to the extent that the plaintiff's claim is based upon actions taken by Defendant Maner regarding the mortgage foreclosure proceeding, Tennessee courts have found that the TCPA does

7

not apply to mortgage foreclosure proceedings. See Malone v. U.S. Bank National Ass'n., 2013 WL 392487 at * 5 (W.D. Tenn. Jan.30, 2013); Vaughter v. BAC Home Loans Servicing, LP, 2012 WL 162398 at * 6 (M.D. Tenn. Jan.19, 2012); Paczko v. Suntrust Mortgages, Inc., 2012 WL 4450896 at * 2 (Tenn.Ct.App. Sept.25, 2012). See also Dauenhauer v. Bank of New York Mellon, 2014 WL 1424494, *7 (6th Cir. Apr. 15, 2014); Silvestro v. Bank of Am., N.A., 2013 WL 1149301, *5 (M.D. Tenn. Mar. 19, 2013) (Campbell, J.); Vaughter v. BAC Home Loans Servicing, LP, 2012 WL 162398, *6 (M.D. Tenn. Jan. 19, 2012) (Nixon, J.).

Further, Section 104(a) of the TCPA generally prohibits unfair or deceptive acts or practices affecting the conduct of trade or commerce. The plaintiff's allegations, even if true, do not set out actions which constitute unfair or deceptive acts under the TCPA. Opinion statements about the character or quality of services or "puffing," by themselves, do not constitute an unfair or deceptive act under the TCPA. See Wendy's of Bowling Green, Inc. v. Marsh USA, Inc., 2012 WL 370486, *5 (M.D. Tenn. Feb. 3, 2012) (Campbell, J.). Further, the plaintiff was not a consumer of Defendant Maner's services. The plaintiff does not allege that he relied on in any manner the website statement that Maner offers quality legal services and Defendant Maner's alleged failure to provide documents. Finally, the plaintiff has not shown that he has suffered "an ascertainable loss of money or property" because of these two actions by Defendant Maner as is required for a TCPA claim. See Tucker v. Sierra Builders, 180 S.W.3d 109, 115 (Tenn.Ct.App. 2005). The plaintiff's reference to Tenn. Code Ann. § 39-14-127 fails to provide any basis for relief because Section 39-14-127 is a criminal offense provision.

Count V is a claim for violation of the FDCPA. The plaintiff alleges that Defendant Maner violated the FDCPA by failing to provide him with a copy of the Initial Communication letter upon his request. Id. at 42, ¶ 171. Initially, the Court finds that the plaintiff has not set out the specific provision of the FDCPA that Defendant Maner is alleged to have violated and Maner is only briefly mentioned in the plaintiff's statement of this claim. Id. at 37-43. Furthermore, the FDCPA provides a one year statute of limitations. See 15 U.S.C. § 1692k(d). Defendant Maner argues that the instant complaint was filed on January 2, 2014, but that the alleged conduct related to the initiation of the foreclosure proceedings occurred in early 2012, more than one year prior to the filing date of the complaint. The plaintiff has not shown any basis for a FDCPA claim against Maner based upon unlawful activity under the FDCPA related to the collection of a debt that occurred within the statute of limitations. Indeed, in his response, the plaintiff argues activity by Defendant Maner that occurred in February 2012, well beyond the statute of limitations.[3] Accordingly, this claim warrants dismissal.

In Count IX, the plaintiff asserts a claim for intentional or reckless misrepresentations. This claim is based upon the same allegations made by the plaintiff against Defendant Maner in Count I, i.e., that Maner advertised on its website that it provided "quality legal services" and that Maner failed to provide him with documents he requested. Id. at 52, ¶¶ 219-220. In order to prove a claim based on fraudulent or intentional misrepresentation, a plaintiff must show that: (1) the defendant

---

[3] Although the plaintiff alleges that Maner failed to provide him with copies of documents that he requested in March through June of 2013, see Docket Entry No. 1, at 23, ¶¶ 90-92, the actual activity of Maner related to the collection of a debt is alleged to have occurred in 2011 and 2012. Id. at 23, ¶ 90. To be liable under the FDCPA, a debt collector's targeted conduct must have been taken in connection with the collection of any debt. See Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 459-60 (6th Cir. 2013). Accordingly, the allegations regarding conduct in 2013 fail to support the plaintiff's FDCPA claim.

9

made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation. Walker v. Sunrise Pontiac–GMC Truck, Inc., 249 S.W.3d 301, 311 (Tenn. 2008). The plaintiff's allegations against Defendant Maner on this claim, even if taken as true, simply fail to plausibly satisfy the elements required for a claim for intentional or reckless misrepresentation.

Count XI is a claim for the initiation of wrongful foreclosure proceedings. The plaintiff alleges that Defendant Maner ignored the plaintiff's request that Maner "conduct appropriate research about initiating foreclosures with all documentations" and the "entire foreclosure initiation was premature and conducted without valid legal ground." Id. at 54, ¶ 232. This claim warrants dismissal. First, the plaintiff's allegations appear to suggest that, although a foreclosure may have been contemplated, threatened, or initiated, no actual foreclosure occurred and there is not a current foreclosure proceeding. Accordingly, it does not appear that the plaintiff has support for a claim for wrongful foreclosure. See Harris v. LNV Corp., 2014 WL 3015293, *11 (M.D. Tenn. July 2, 2014) (Campbell, J.) (adopting Report and Recommendation). Second, even if a claim for wrongful foreclosure was permissible based upon a foreclosure that did not occur, the specific elements required for a claim of wrongful foreclosure under Tennessee law are not defined and courts generally examine whether contractual or statutory requirements were met in the foreclosure of the property in question. See Jackson v. WMC Mortgage Corp., 2013 WL 5550228, *8 (W.D. Tenn. Oct. 8, 2013); Mary Ringold v. Bank of Am. Home Loans, 2013 WL 145929, *6 (W.D. Tenn.

Apr. 9, 2013). In the instant action, Defendant Maner was not the foreclosing party but merely the law firm which the Ocwen Defendants used during the proceedings, and any impropriety in the initiation of foreclosure proceedings would be attributable to the actions of the Ocwen Defendants. The plaintiff has not provided any legal basis upon which to hold Maner liable under a theory of initiation of wrongful foreclosure.

Count XII is a claim for negligence based on the plaintiff's allegation that Defendant Maner negligently did not respond and provide the plaintiff documents that he requested and that Maner promised to provide. Id. at 56, ¶ 239. This claim warrants dismissal because the plaintiff fails to show how the acts complained about, even if taken as true, violated any duty of care that Maner owed to the plaintiff as is required by any negligence claim. See Power & Tel. Supply Co. v. SunTrust Banks, Inc., 447 F.3d 923, 932 (6th Cir. 2006) (citing Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn.1993)).

Count XV is a claim against Defendant Maner for intentional infliction of emotional distress based upon the allegation that Maner did not respond to his letters and knew that its failure to respond would cause the plaintiff a "high degree of health and financial loss." Id. at 60, ¶ 261. The plaintiff must allege that (1) the conduct of the defendant was so outrageous in character, and so extreme in degree, as to be beyond the pale of decency, and to be regarded as atrocious and utterly intolerable in a civilized society; and (2) the conduct resulted in serious mental injury. See Rogers v. Louisville Land Co., 367 S.W.3d 196, 201 (Tenn. 2012). This is an exacting standard, see Miller v. Willbanks, 8 S.W.3d 607, 614 (Tenn. 1999), and the plaintiff's allegations fall far short of

showing conduct by Maner that was outrageous in character and extreme in degree and that such conduct caused a serious mental injury to the plaintiff.

Count XXI is a claim brought under the FTCA against Maner based on the allegation that Maner "unfairly and deceptively arranged to push forward Plaintiff's loans 2287 to premature foreclosure initiation and made money." Id. at 69, ¶ 309. This claim warrants dismissal because there is no private cause of action under the FTCA. See Sharwell v. Selva, 4 Fed. App'x 226, 227 (6th Cir. Feb. 5, 2001); Holloway v. Bristol-Myers Corp., 485 F.2d 986, 988 (D.C. Cir. 1973); Akers v. Bonifasi, 629 F. Supp. 1212, 1221 (M.D. Tenn. 1984). The plaintiff apparently concedes this argument because he does not respond to the Defendant's argument in support of dismissal of this claim.

Counts XVIII, XXIII, and XXV warrant dismissal for failure to state legal claims for relief. The Court is unaware of, and the plaintiff has not shown the existence of, recognizable causes of action for "forced labor" (Count XVIII), "unauthorized fees and charges" (Count XXIII), and "unbelievable degradation, humiliation, disrespect, and false hopes claims" (Count XXV).

Finally, Defendant Maner seeks dismissal of the plaintiff's request for punitive damages against him, arguing that the alleged actions of Maner fail to rise to the high level of egregiousness required for the assessment of punitive damages under Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 900-01(Tenn. 1992). The plaintiff apparently concedes this argument because he does not respond to the Defendant's argument in support of dismissal of the claim for punitive damages against Maner. Further, the Court agrees that the allegations against Maner, even if true, fail to rise to the level "the most egregious of wrongs" necessary to support an award of punitive damages. Hodges,

833 S.W.2d at 901. Accordingly, the plaintiff's claim for an award of punitive damages against Maner warrants dismissal.

However, the motion to dismiss should not be granted as to Counts II, III, IV, and X because Defendant Maner's arguments for dismissal of these claims fail to support dismissal.

In Counts II, III, and IV, the plaintiff sets out RICO claims against the Defendants and specifically contends that they violated 18 U.S.C. § § 1692(a) - (d). See Docket Entry No. 1, at 29-37. Defendant's Maner's sole argument for dismissal of the claims is that "[t]he alleged RICO violations rest entirely upon Plaintiff's contention that the foreclosure initiation was illegal and/or premature. As discussed below, the foreclosure initiation was valid. Thus, a cause of action based on alleged RICO violations necessarily fails." See Docket Entry No. 19, at 7. The Plaintiff's RICO claims are extensively set out over several pages and the Court does not find the Plaintiff's supporting allegations to be as simplistic as asserted by Defendant Maner. Accordingly, Defendant Maner's minimal argument fails to support dismissal of these three counts.

Count X sets out a defamation claim against Defendant Maner based on the allegation that Maner published information about the plaintiff's loan in the Tennessean newspaper as part of initiating the foreclosure proceedings. See Docket Entry No. 1 at 53, ¶ 225. Defendant Maner argues that defamation claims are pre-empted by the FCRA. While the Defendant is generally correct that defamation claims based upon conduct that is regulated by the FCRA are pre-empted by that Act unless the plaintiff shows that a defendant either acted with malice or a willful intent to injure the plaintiff, see Lindley v. American Home Mortg. Servicing, Inc., 2012 WL 5877947, *4 (M.D. Tenn. Nov. 20, 2012) (Sharp, J.), the alleged defaming publication by Defendant Maner of

information to a newspaper does not involve conduct that is regulated by the FCRA. Accordingly, the Court finds no basis for pre-emption of the defamation claim as Defendant Maner argues.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 18) filed by Defendant Richard B. Maner, P.C. be GRANTED as to all counts alleged by the plaintiff except for Counts II, III and IV (RICO) and Count X (Defamation), that any and all claims against Defendant Maner in Counts I, V-IX, and XI-XXV be DISMISSED, and that the plaintiff's claim for punitive damages against Defendant Maner be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge