UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MOHAMMAD MOSHARROF HOSSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:14-0002 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC., | ) | |
| OCWEN FINANCIAL CORPORATION, and | ) | |
| RICHARD B. MANER, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On July 17, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 36) as to defendant Richard B. Maner, P.C.'s ("Maner") pending Motion to Dismiss (Docket No. 18). The *pro se* plaintiff has filed timely objections to the R&R. (Docket No. 42.) On August 27, 2014, the plaintiff filed a Motion for Leave to File an Amended Complaint and a Motion for Leave to File a Supplemental Pleading. (Docket Nos. 43-44.) The plaintiff's pending motions specifically state that the amendments are limited to allegations against defendants Ocwen Loan Servicing, LLC, and Ocwen Financial Corporation, and therefore, do not affect the posture of the action as to the R&R and Maner's pending Motion to Dismiss.

The plaintiff's Complaint asserts 25 claims against Maner and its co-defendants and seeks punitive damages, in addition to other relief. The Magistrate Judge recommends that the court dismiss all but four claims: Counts II-IV of the Complaint, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), and Count X, alleging defamation. The Magistrate Judge further recommends that the court dismiss the plaintiff's request for punitive damages.

The plaintiff objects to the R&R with regard to four of his twenty-one claims against Maner: Count XI for wrongful foreclosure, Count XII for negligence, Count XVIII for "forced labor," and Count XXIII for "unauthorized fees and charges." The plaintiff also objects to the Magistrate Judge's recommendation that the court dismiss the plaintiff's request for punitive damages.

## **ANALYSIS**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1996).

The court has reviewed the plaintiff's objections to the R&R and concludes that they have no merit. First, the plaintiff's wrongful foreclosure claim is fatally defective because the plaintiff has failed to plead that any actual foreclosure has taken place. *See Grona v. CitiMortgage, Inc.*, No. 3:12-cv-0039, 2012 WL 1108117, at *2 (M.D. Tenn. Apr. 2, 2012). The plaintiff cannot salvage his claim simply by pleading that proceedings have been initiated, without alleging that an actual foreclosure has occurred.[1] Second, the plaintiff's negligence claim fails because the plaintiff has not alleged a duty of care owed to the plaintiff by Maner. Additional allegations related to an "implied duty of good faith and fair dealing," as set forth in

---

[1] The court further notes that the plaintiff's reliance on *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004), is misplaced. *Thomas*'s holding, which does not bind this court, assessed a Fair Debt Collection Practices Act claim—not a wrongful foreclosure claim under Tennessee law.

the plaintiff's memoranda opposing the motion to dismiss and objecting to the R&R, are insufficient to remedy this defect in his pleadings.

The plaintiff also objects to the R&R's recommendation to dismiss his "forced labor" claim on the ground that Maner has violated 18 U.S.C. § 1859 by requiring the plaintiff to respond to its written communications against his will. Section 1859 falls within Chapter 77 of the federal criminal code, which includes statutes outlawing, among other things, slavery and peonage. Although his arguments are creative, the plaintiff does not possess a cognizable cause of action under 18 U.S.C. § 1859,[2] and his objection with regard to his "forced labor" claim will be overruled. Similarly, the plaintiff has failed to plead a cognizable cause of action for his (vague) claim for "unauthorized fees and charges." Finally, despite the plaintiff's objection, the court agrees that his allegations against Maner, even if true, fail to rise to the high level of gross misconduct required for an award of punitive damages.

## CONCLUSION

For the reasons expressed herein, the plaintiff's Objections to the Report and Recommendation (Docket No. 42) are **OVERRULED**. The Report and Recommendation (Docket No. 36) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that defendant Maner's Motion to Dismiss (Docket No. 18) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** with regard to the plaintiff's RICO claims (Counts II, III, and IV) and defamation claim (Count X). The motion is **GRANTED** as to Counts I, V-IX, and XI-XXV of the Complaint and the plaintiff's claim for punitive damages, which claims are **DISMISSED WITH PREJUDICE**.

---

[2] Among other reasons, violations of federal criminal laws are prosecuted by United States Attorneys and do not create civil causes of action by private citizens.

This case shall be returned to the Magistrate Judge for further handling under the original referral order.

It is so **ORDERED**.

Enter this 28th day of August 2014.

_____
ALETA A. TRAUGER
United States District Judge