IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOHAMMAD MOSHARROF HOSSAIN )
)
v. ) NO. 3:14-0002
)
OCWEN LOAN SERVICING, LLC, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered February 25, 2014 (Docket Entry No. 16), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b)(1), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending is the Motion for Summary Judgment (Docket Entry No. 75) filed by Defendant Richard B. Maner, P.C., to which Plaintiff has filed a Response. See Docket Entry Nos. 82 and 92. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff is a resident of Davidson County, Tennessee. On January 2, 2014, he filed this pro se action against three defendants: Ocwen Loan Servicing LLC ("Ocwen LS"), Ocwen Financial Corporation ("Ocwen Financial"), and Richard B. Maner, P.C. ("Maner"). Plaintiff asserts that

federal jurisdiction exists under 28 U.S.C. §§ 1331, 1332, and 1367 and seeks compensatory damages, punitive, damages, statutory damages, as well as injunctive relief.

Plaintiff's lawsuit arises out of his ongoing dispute with Ocwen LS and Ocwen Financial about what he believes are unauthorized charges that have been assessed against him for three loans currently serviced and/or owned by Ocwen LS. Specifically, he contends that fees and other charges associated with lender placed insurance ("LPI") premiums for homeowners insurance have been wrongfully assessed on the loans despite the fact that he has homeowner's insurance in place for the properties securing the loans and has repeatedly provided verification of this to Ocwen LS. Plaintiff asserts that issues with payment of the fees and charges eventually led to one of his loans being placed in default and to the initiation of a nonjudicial foreclosure on property located at 2505 Highland Trace, Dr., Nashville, TN that secured that loan. Plaintiff alleges that he made a significant payment of reinstatement amounts to Ocwen LS in March 2012, in order to stop the foreclosure. He contends that Ocwen LS's agents provided him with erroneous and conflicting information in letters and telephone conversations and that Ocwen LS continues to charge him for LPI despite the fact that he has repeatedly shown that he has active insurance coverage. Based upon his experience, Plaintiff alleges that Ocwen LS's standard operating practice is to charge fees that are not authorized and to ignore information to the contrary. Defendant Maner is a law firm/attorney that was involved in the foreclosure proceedings in 2012 and is alleged to have published false foreclosure notices and to have wrongfully instituted the foreclosure.

Plaintiff's original Complaint (Docket Entry No. 1) was 76 pages long and had several attached exhibits. Plaintiff subsequently sought leave to amend his pleadings several times and, by

Order entered September 25, 2014 (Docket Entry No. 49), the Court granted Plaintiff leave to file a single, comprehensive Amended and Supplemental Complaint (Docket Entry No. 57). In his Amended Complaint, Plaintiff sets out 26 claims against Defendants: violations of the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-104 ("TCPA") (Count I); violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO") (Counts II, III, and IV); violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 16s92 et seq. ("FDCPA") (Count V); illegal forced placement of insurance (Count VI); violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA") (Count VII); violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII); intentional or reckless misrepresentations (Count IX); defamation (Count X); wrongful foreclosure initiation (Count XI); negligence (Count XII); breach of contract (Count XIII); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") (Count XIV); intentional infliction of emotional distress (Count XV); fraud (Count XVI); unjust enrichment (Count XVII); forced labor (Count XVIII); tortuous interference with contractual relations (Count XIX); violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") (Count XX); violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTCA") (Count XXI); "barred to make payments/payment rejection" (Count XXII); unauthorized fees and charges (Count XXIII); reckless and wanton misconduct (Count XXIV); unbelievable degradation, humiliation, disrespect, and false hopes claims (Count XXV); and breach of implied covenant of good faith and fair dealing (Count XXVI). See Amended Complaint, at 13-28.

Defendants filed answers to the Amended Complaint, see Docket Entry Nos. 62 and 63, and scheduling orders were entered setting out deadlines for pretrial activity in the action, including discovery and the filing of dispositive motions. See Docket Entry Nos. 37 and 55. All pretrial deadlines have expired. Plaintiff demands a jury trial.

By Order entered August 29, 2014 (Docket Entry No. 45), the Court granted the Motion to Dismiss of Defendant Maner in significant part and dismissed all claims against Defendant Maner except for the RICO claims (Counts II, III and IV) and the defamation claim (Count X). The Court also dismissed Plaintiff's claim for punitive damages against Defendant Maner.

In the Motion for Summary Judgment, Defendant Maner contends that there are no genuine issues of material fact as to the remaining claims. Defendant Maner asserts that he was involved in the events at issue only to the extent that he was retained by Ocwen LS to initiate a nonjudicial foreclosure against Plaintiff's property and that he relied upon the information provided by Ocwen LS that Plaintiff was in default when publishing notices in March 2012 regarding the foreclosure. Defendant Maner contends that Plaintiff did not make Defendant Maner aware of any potential issues with the loan until after the foreclosure proceedings had been instituted. Defendant Maner argues that the RICO claims are not supported by any evidence of a conspiracy to defraud or to engage in predicate criminal acts and by any evidence showing that the plaintiff suffered any injury because of Defendant Maner's alleged wrongdoing. With respect to the defamation claim, Defendant Maner argues that the claim is barred by the applicable one year statute of limitations because the alleged defamation occurred in March 2012, when foreclosure notices were published in local newspapers, but Plaintiff's lawsuit was not filed until January 2, 2014, more than one year

after the defamation claim accrued. Defendant Maner further disputes that there is any evidence that Defendant Maner intentionally published false or misleading information about Plaintiff. In support of the motion, Defendant Maner provides the affidavit of Richard B. Maner and attached exhibits (Docket Entry No. 75-1) and a Statement of Material Facts (Docket Entry No. 75-2).

In response, Plaintiff argues that genuine issues of material fact exist concerning the events surrounding the foreclosure proceedings and he disputes Defendant Maner's assertion that Plaintiff did not timely make Defendant Maner aware that the default status of the loan was disputed. Plaintiff also asserts that Defendant Maner has failed to produce and set forth fundamental documents in support of his argument that he relied upon information provided by Ocwen LS regarding the loan being in default status. With respect to the statute of limitations argument raised by Defendant Maner, Plaintiff contends that the statute of limitations should not apply because he did not remain idle after the alleged defaming conduct but "took actions" prior to filing his lawsuit in an attempt to resolve and/or settle the alleged wrongdoings of Maner and Ocwen. See Docket Entry No. 81, at 15. Plaintiff supports his Response with his own affidavit (Docket Entry No. 83) and with his response (Docket Entry No. 82) to the Statement of Material Facts filed by Defendant Maner. In addition to his Response, Plaintiff has filed a Motion for Leave to File a Supplement Response. See Docket Entry No. 92. By separate Order, the Court has granted this Motion, and the Court has considered the proposed Supplemental Response in its review of Defendant Maner's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving

party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

A. RICO Claims

Summary judgment should be granted to Defendant Maner on Plaintiff's RICO claims. Although Plaintiff's pleadings with respect to the RICO claims survived Defendant Maner's Motion to Dismiss, there is simply no evidence before the Court upon which any reasonable jury could find in favor of Plaintiff on these claims. Any factual disputes that exist do not rise to the level of

genuine issues of material fact because Plaintiff has not presented evidence that is sufficient to satisfy a basic element of his RICO claims.

The original purpose of the RICO statute was to combat organized, continuing criminal activity. See Jennings v. Auto Meter Prods., Inc., 495 F.3d 466, 472 (7th Cir. 2007). In addition to the criminal provisions of RICO, 18 U.S.C. § 1964(c) provides for a private right of action to "any person injured in his business or property by reason of a violation of RICO's substantive restrictions." Anza v. Ideal Steel Supply Co., 547 U.S. 451, 453, 126 S.Ct. 1991, 164 L.Ed.2d 720 (2006) (internal quotation marks omitted). However, a civil RICO claim does not exist merely because a plaintiff takes the facts of an otherwise general civil claim, even a claim that may be meritorious, and restates them using the language of the RICO statute.

Although the substantive provisions set out in 18 U.S.C. § 1962 (a), (b), (c), and (d) each make different activities unlawful, a necessary element for a claim under each provision is proof of a pattern of racketeering activity. H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 232, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).[1] Even when the evidence before the Court is viewed in the light most favorable to Plaintiff as the non-moving party, his RICO claims fail because there is no evidence supporting a conclusion that a pattern of racketeering activity existed in which Defendant Maner was involved.

---

[1] A plaintiff proceeding under Section 1962 may show the "collection of an unlawful debt" in lieu of a showing of a pattern of racketeering activity. H.J. Inc., 492 U.S. at 232. However, Plaintiff has not proceeded under this avenue, nor do the facts of this case support such a showing. Although this case involves the collection of an alleged debt, under RICO, "unlawful debt" pertains to illegal gambling debt or debt unenforceable because of usury laws. 18 U.S.C. § 1961(6); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 229 n.1 (6th Cir. 1997).

RICO defines a "pattern of racketeering activity" as "at least two acts of racketeering activity" committed within a ten-year period. 18 U.S.C. § 1961(5). Crimes comprising "racketeering activity" are listed under 18 U.S.C. § 1961(1) and are commonly referred to as "predicate acts." The listed predicate acts include, among others, mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). Although Plaintiff sets out numerous examples of what he contends are acts of mail and wire fraud by Defendants, a RICO plaintiff must do more than merely recite a list of predicate acts because "there is something to a RICO pattern beyond the number of predicate acts involved." H.J. Inc., 492 U.S. at 238. A plaintiff must show that "the predicate acts are related and that they constitute or pose a threat of continued criminal activity." Id. at 239. It is this notion of "continuity plus relationship" that combines to produce a "pattern" under RICO. Moon v. Harrison Piping Supply, 465 F.3d 719, 724 (6th Cir. 2006), cert. denied 549 U.S. 1279, 127 S.Ct. 1832, 167 L.Ed.2d 319 (2007).

The instant case involves only Plaintiff and his dispute with Defendants over his loans with the Ocwen Defendants. The predicate acts alleged by Plaintiff, even if taken as true, were all directed at one victim, Plaintiff, with the single objective of defrauding him with respect to his own loans. A pattern of racketeering activity does not exist in such situations. Where a single objective is alleged, "the purported racketeering activity does not bear the markings of the long-term criminal conduct about which Congress was concerned when it enacted RICO." Moon, 465 F.3d at 725-26. See also Southampton Associates, L.P. v. K. Jess, Inc., 46 F.3d 1131, 1995 WL 25431 (6th Cir. 1995) (collecting cases); Vemco, Inc. v. Camardella, 23 F.3d 129, 135 (6th Cir.), cert. denied 513 U.S. 1017, 115 S.Ct. 579, 130 L.Ed.2d 495 (1994) ("We cannot conclude that Flakt's alleged actions

here, involving a single victim and a single scheme for a single purpose over seventeen months, constitute the type of 'long-term criminal conduct' Congress sought to prohibit with RICO"); Pavuk v. U.S. Bank Nat. Ass'n ND, 2010 WL 3057407, at *4 (S.D. Ohio Aug. 2, 2010) (mailings between the defendant and the plaintiff related only to the plaintiff's own residential mortgage did not evidence a pattern of racketeering activity); Dimov v. EMC Mortgage Corp., 2010 WL 2506717, *8 (E.D. Tenn. June 17, 2010) (multiple alleged predicate acts of mail fraud and extortion were keyed to the single objective of depriving the plaintiff of his real property and were not sufficient to show a pattern of racketeering activity); Frost v. Boyle, 2008 WL 650323, *10 (N.D. Ohio Mar. 5, 2008) (an alleged single fraudulent scheme with the single objective to deprive plaintiff of attorney's fees did not allege a pattern of racketeering activity).

Defendant Maner's involvement in the foreclosure proceedings against Plaintiff are simply not sufficient to evidence a pattern of racketeering activity. See Morris v. Equi First Corp., 2010 WL 890877, *6 (M.D. Tenn. Mar. 9, 2010) (Trauger, J.) (allegations that defendant attorney prepared documents used in an improper foreclosure of plaintiff's property were not sufficient to show a pattern of racketeering activity).

B. Defamation Claim

The statute of limitations for defamation based upon the written word (libel) is one year, Tenn. Code. Ann. § 28-3-104(a)(1), and Tennessee requires that defamation claims be brought within one year after "the date the alleged defamatory language was published." Clark v. Viacom

Int'l Inc., 2015 WL 4098320, *4 (6th Cir. July 8, 2015) (quoting Riley v. Dun & Bradstreet, Inc., 172 F.2d 303, 308 (6th Cir.1949).

Plaintiff does not dispute that the one year statute of limitations applies or that his lawsuit was filed more than one year after his claim for defamation accrued in March 2012. Plaintiff's arguments that he disputed the alleged defaming statements and tried to resolve his disputes with Defendants prior to taking judicial action simply do not provide a basis to excuse the untimely filing of his defamation claim against Defendant Maner. Summary judgment should be granted to Defendant Maner on this claim because it was not timely filed.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 75) of Defendant Richard B. Maner, P.C., be GRANTED and that this Defendant be DISMISSED WITH PREJUDICE.

Because the dismissal of Defendant Maner does not resolve Plaintiff's claims against Defendants Ocwen Loan Servicing LLC, and Ocwen Financial Corporation and because all scheduling order deadlines have expired, including the deadline for the filing of dispositive motions, the Court recommends that the claims against these two Defendants be set for trial.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge