IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOHAMMAD HOSSAIN )
)
v. ) NO. 3:14-0002
) Consolidated with
OCWEN LOAN SERVICING, LLC and ) 3:15-1071
OCWEN FINANCIAL CORPORATION )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

The above *pro se* actions have been consolidated and are scheduled for a jury trial on March 28, 2017. *See* Docket Entry Nos. 125 and 159.[1] By Order entered August 31, 2016 (Docket Entry No. 163), Plaintiff was directed to show cause for why 11 of the numerous causes of action he asserts should not be dismissed. On October 3, 2016, Plaintiff responded by arguing that three of the causes of action at issue should not be dismissed. *See* Docket Entry No. 166. Set out below is the Court's recommendation for dismissal of certain claims.

## I. BACKGROUND

Mohammad Hossain ("Plaintiff") is a resident of Davidson County, Tennessee. As has been summarized more fully in prior Report and Recommendations, *see* Docket Entry Nos. 36 and 94, his two lawsuits against Ocwen Loan Servicing LLC ("Ocwen LS") and Ocwen Financial

---

[1] The use of "Docket Entry No." herein shall refer to docket entries made in the first filed case unless otherwise noted.

Corporation ("Ocwen Financial") (hereinafter referred to collectively as "Ocwen") center around a multi-year dispute he has had with Ocwen regarding three mortgage loans currently serviced and/or owned by Ocwen. Plaintiff contends that Ocwen has repeatedly obtained lender placed homeowners insurance ("LPI") on the properties securing the loans even though Plaintiff had homeowner's insurance in place for the properties and has provided verification of insurance to Ocwen. Plaintiff alleges that Ocwen's actions caused unauthorized and unnecessary fees and charges to be assessed and ultimately led to the initiation of a nonjudicial foreclosure on one of the properties, which he was able to stop only after making a payment of reinstatement amounts to Ocwen. Plaintiff seeks significant damages and injunctive remedies as relief.

In the first filed lawsuit ("Case 3:14-0002"), Plaintiff's allegations against Ocwen involve loan #2287, loan #2253, and loan #6566, and encompass the time period of 2010 to 2014. *See* Complaint (Docket Entry No. 1) and Amended and Supplemental Complaint (Docket Entry No. 57). The second lawsuit ("Case 3:15-1071") involves only loan #6566 and involves events beginning in October 2014 and continuing through 2015. *See* Complaint (Docket Entry No 1) in Case 3:15-1071. Ocwen filed answers, *see* Docket Entry No. 30 and 63 and Docket Entry No. 14 in Case 3:15-1071, and scheduling orders were entered providing for a period of pretrial activity. *See* Docket Entry Nos. 37, 55, 136, and 153. All pretrial deadlines have expired.

In his pleadings in Case 3:14-0002, Plaintiff sets out 26 specific claims: violations of the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-104 ("TCPA") (Count I); violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO") (Counts II, III, and IV); violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et*

2

*seq*. ("FDCPA") (Count V); illegal forced placement of insurance (Count VI); violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") (Count VII); violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII); intentional or reckless misrepresentations (Count IX); defamation (Count X); wrongful foreclosure initiation (Count XI); negligence (Count XII); breach of contract (Count XIII); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") (Count XIV); intentional infliction of emotional distress (Count XV); fraud (Count XVI); unjust enrichment (Count XVII); forced labor (Count XVIII); tortuous interference with contractual relations (Count XIX); violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") (Count XX); violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTCA") (Count XXI); "barred to make payments/payment rejection" (Count XXII); unauthorized fees and charges (Count XXIII); reckless and wanton misconduct (Count XXIV); unbelievable degradation, humiliation, disrespect, and false hopes claims (Count XXV); and breach of implied covenant of good faith and fair dealing (Count XXVI). *See* Amended and Supplemental Complaint at 13-28. In the second case, Plaintiff raises essentially the same claims, with some slight variations: 1) he drops the claims for wrongful foreclosure initiation, forced labor, "barred to make payments/payment rejection," and "unbelievable degradation, humiliation, disrespect, and false hopes claims;" and 2) he adds a claim for "misapplication of the payment." *See* Complaint in Case 3:15-1071.

Many of the claims against Ocwen are the same or similar to claims that were brought against former Defendant Richard Maner, the attorney used by Ocwen for the foreclosure that was contemplated by Ocwen. These claims were analyzed and dismissed by the Court upon the motions

3

of Maner.  *See* Order entered August 29, 2014 (Docket Entry No. 45), and Order entered September 8, 2015 (Docket Entry No. 97).  Accordingly, the Court directed Plaintiff to show good cause why 11 of his claims should not be dismissed: violations of RICO (stated as three claims); intentional or reckless misrepresentations; defamation; wrongful foreclosure initiation; intentional infliction of emotional distress; forced labor; violation of the FTCA; reckless and wanton misconduct; and unbelievable degradation, humiliation, disrespect, and false hopes claims.  *See* Docket Entry No. 163.[2]  Plaintiff was specifically advised that his failure to show good cause would be deemed as an admission that a claim should be dismissed.  *Id*. at 2.

## II. ANALYSIS

Plaintiff argues that good cause exists for only three of the claims at issue: wrongful foreclosure initiation, defamation, and intentional or reckless misrepresentation.  *See* Docket Entry No. 166.  Plaintiff's failure to include argument indicating that good cause exits for why the other claims at issue should not be dismissed is deemed to be an abandonment of those claims.  Accordingly, the following claims should be dismissed:  violations of RICO; intentional infliction of emotional distress; forced labor; violation of the FTCA; reckless and wanton misconduct; and unbelievable degradation, humiliation, disrespect, and false hopes claims.  The dismissal should apply to the claims as alleged in both consolidated actions.

In reviewing the remaining three claims at issue, the Court, 1) acknowledges Plaintiff's *pro se* status and affords his pleadings a liberal construction, *see Jourdan v. Jabe*, 951 F.2d 108 (6th Cir.

---

[2] The Magistrate Judge's directive to Plaintiff to show good cause why certain claims should not be dismissed expresses no opinion as to the merit or lack thereof of any of Plaintiff's other claims.

1991), and, 2) applies the standard of review enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), for determining whether a plaintiff has stated a plausible claim for relief. *See also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.")

Plaintiff's claim for "wrongful foreclosure initiation" should be dismissed. Although a claim for wrongful foreclosure is recognized under Tennessee law, such a claim requires that a foreclosure actually occur, *see Harris v. LNV Corp.*, 2014 WL 3015293, *11 (M.D. Tenn. July 2, 2014) (Campbell, J.) (adopting Report and Recommendation), yet Plaintiff's own allegations are that no foreclosure occurred. Instead, Plaintiff brings this claim as one for "wrongful foreclosure initiation." *See* Complaint at ¶¶ 228-233. However, such a claim does not appear to have ever been recognized under Tennessee law. To the extent that Plaintiff complains that Ocwen took actions related to the proposed foreclosure that violated "contractual requirements" or provisions of the Fair Debt Collection Practices Act, *see* Docket Entry No. 166 at 4-6, he has already asserted a breach of contract claim and a claim under the Fair Debt Collection Practices Act. The "wrongful foreclosure initiation" claim is simply derivative of those claims, as opposed to being a cognizable, freestanding claim for relief.

Plaintiff's claim for defamation also warrants dismissal. To establish a *prima facie* case of defamation, Plaintiff must allege and prove that: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for

5

the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

Plaintiff fails to state a defamation claim based upon the assertion that Ocwen provided incorrect or false information to credit reporting agencies. *See* Complaint at ¶ 223, and Complaint in Case 3:15-1071 at ¶¶ 148-149. The furnishing of information to credit reporting agencies is a subject matter regulated under 15 U.S.C. § 1681s-2. Because Plaintiff's defamation claim directly concerns "the responsibilities of persons who furnish information to consumer reporting agencies," it is preempted by the FCRA. *See Chambliss v. Bank of Am., N.A.*, 2014 WL 1287467, *1 (M.D. Tenn. Mar. 31, 2014) (Sharp, J.)(defamation claim against a bank for allegedly publishing false representations about mortgage payments to consumer reporting agencies was preempted by the FCRA); *Westbrooks v. Fifth Third Bank*, 2005 WL 3240614, *7 (M.D. Tenn. Nov. 30, 2005) (Campbell, J.) (same). Plaintiff also fails to state a defamation claim based upon assertions that Ocwen provided allegedly false information or statements about the status of Plaintiff's loans to its own employees, to the law firm that represented Ocwen in the initial proceedings related to the proposed foreclosure, and to the law firm representing Ocwen in this lawsuit. *See* Docket Entry No. 166 at 6-8. There is no publication of defaming statements in these scenarios. *See Freeman v. Dayton Scale Co.*, 159 Tenn. 413, 19 S.W.2d 255, 257 (Tenn.1929); *Woods v. Helmi*, 758 S.W.2d 219 (Tenn.Ct.App. 1988). Finally, although Plaintiff vigorously disputes Ocwen's LPI practices and the fees and charges he was assessed by Ocwen, his allegations, *see* Complaint at ¶¶ 222-227, simply do not suffice to set out the type of conduct that supports a plausible claim for defamation under the facts of this case.

The final claim at issue is Plaintiff's claim for intentional or reckless misrepresentation. This claim should also be dismissed. A claim based on intentional or reckless misrepresentation requires Plaintiff to allege and show that: (1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation. *Walker v. Sunrise Pontiac–GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008). The allegations made by Plaintiff supporting this claim largely deal with his dissatisfaction with Ocwen's advertising and their customer service and simply do not support a claim of intentional or reckless misrepresentation. *See* Complaint at ¶¶ 210-218, and Complaint in Case 3:15-1071 at ¶¶ 139-146. Plaintiff also bases this claim upon Ocwen's representations to him that, 1) there was no homeowner's insurance in place on the properties, and, 2) Ocwen had initiated LPI on these properties at a cost to Plaintiff. *Id.* While Plaintiff clearly disagrees with the correctness of Ocwen's actions, his contention is not that he reasonably relied upon these representations to his detriment. Indeed, his contention is that he vehemently disagreed with Ocwen about these matters but that Ocwen ignored him.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the following claims asserted by Plaintiff be DISMISSED: violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 et seq. ("RICO") (Counts II, III, and IV in both cases); intentional or reckless misrepresentations (Count IX in both cases); defamation (Count X in both

7

cases); wrongful foreclosure initiation (Count XI in case 3:14-0002); intentional infliction of emotional distress (Count XV in case 3:14-0002 and Count XIV in case 3:15-1071); forced labor (Count XVIII in case 3:14-0002); violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTCA") (Count XXI in case 3:14-0002 and Count XIX in case 3:15-1071); reckless and wanton misconduct (Count XXIV in case 3:14-0002 and Count XXII in case 3:15-1071); and unbelievable degradation, humiliation, disrespect, and false hopes claims (Count XXV in case 3:14-0002).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge